IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT STARKEY,                                    Civil No. 06-621-AA
                                                   OPINION AND ORDER

          Petitioner,

     vs.

JEAN HILL, Superintendent,
Snake River Correctional Institute,


          Respondent.
_____

Dennis N. Balske
Assistant Federal Public Defender
621 SW Morrison, Suite 1025
Portland, OR 97205
     Attorney for petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
     Attorneys for respondent

AIKEN, Judge:

Petitioner requests that this court issue a writ for his immediate release from prison pursuant to 28 U.S.C. § 2254. Petitioner's motion is denied.

<u>PROCEDURAL BACKGROUND</u>

On June 4, 1998, a Yamhill County grand jury returned an indictment charging Robert Starkey ("petitioner") with 3 counts of first-degree sexual abuse. Following trial, on September 11, 1998, a jury found petitioner guilty of all three counts. On January 8, 1999, the trial court sentenced Starkey to 75 months imprisonment on each count, the first two sentences to run concurrently, and the third sentence to run consecutively, totaling 150 months imprisonment.

Petitioner directly appealed his conviction, however the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

On November 27, 2001, petitioner filed a post-conviction relief action after discovering the grand jury that had indicted him had convened at Juliette's House, a child-abuse assessment center. The court denied relief. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

///

///

<u>SUMMARY OF FACTS</u>

_____Petitioner's conviction resulted from complaints of sexual abuse made by a minor.  The child was interviewed at her school by a police officer and a representative from Services For Children and Families.  At trial, the state's child sex abuse expert, who was also the lead therapist at the Juliette House, testified that she had never met the child.

At the Juliette House, the grand jurors were invited to tour the facility prior to the grand jury proceedings, either with a prosecutor or staff member of the Juliette House.  The jurors were informed that the facility was a child abuse assessment center where children alleging child abuse are evaluated.

<u>DISCUSSION</u>

In his federal habeas petition, petitioner asserts the grand jury proceedings held at the Juliette House violated his due process rights under the Fourteenth Amendment.  Petitioner argues the Juliette House is a non-neutral site and that holding the grand jury proceedings there introduced bias into the indictment process.

A.  <u>Standard of Review</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts must afford state court factual findings and legal rulings a defined measure of deference.  <u>See</u> 28 U.S.C. §§ 2254(d), (e).  A federal court may not grant a

habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The Supreme Court construed this statutory text as a "command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case." Williams v. Taylor, 529 U.S. 362, 381 (2000).

The Ninth Circuit has found that the "contrary to" and "unreasonable application" standard are flexible and not amenable to rigid distinction. Davis v. Kramer, 167 F.3d 494, 500 (9th Cir. 1999)(judgment vacated on other grounds, 528 U.S. 1133 (2000)). The terms each have the purpose of ensuring that state courts follow controlling Supreme Court law. Id.

In sum, federal courts are prevented from granting habeas relief to a state petitioner where the relevant decision is not "contrary to" or "an unreasonable application of" Supreme Court precedent. Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007). Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an *unreasonable application*' of clearly established federal law." Early v. Packer, 537 U.S.

3, 11 (2002)(emphasis in original).

B.  Application of the Standard of Review to Petitioner's Claim

Petitioner argues that the lower court's decision was
contrary to Supreme Court law because the structural protections
of the grand jury had been so compromised as to render the
proceeding fundamentally unfair, allowing the presumption of
prejudice.  Petitioner's Memorandum in Support of Habeas Corpus
Petition, p. 10.  Accordingly, petitioner argues, the court
should not treat the error as a technical error, where an
indictment dismissal is appropriate where it has been established
that the violation substantially influenced the grand jurors, or
if there is a grave doubt as to whether the error had such an
effect.  United States v. Mechanik, 475 U.S. 66, 78 (1986).
Rather, petitioner argues, because the error reflected a
"systematic flaw in the charging process" the error cannot be
cured with sufficient probable cause to indict and therefore
habeas relief is appropriate.  Petitioner's Memorandum in Support
of Habeas Corpus Petition, p. 10-11 (citing Vasquez v. Hillery,
474 U.S. 254, 264 (1986)).

A trial jury and a grand jury have very different purposes.
The trial jury is responsible for fact finding, where bias may be
significant as to how facts are interpreted.  The grand jury is
responsible for determining whether there is probable cause to
support an indictment.

I do not find "clearly established law" as to whether grand jurors must be unbiased. The Supreme Court has, however, established law prohibiting the exclusion of grand jurors due to race or gender. See <u>Vasquez</u>, 474 U.S. 254 (1986)(racial discrimination in selection of the grand jury caused proceeding to be so prejudicial that indictment was dismissed); and <u>Ballard v. United States</u>, 329 U.S. 187 (1946)(the exclusion of women from grand jury was sufficient basis for dismissal of the indictment). However, I find no clearly established Supreme Court law suggesting that individual biases, bias caused by publicity of the case, or bias caused by the location of the grand jury proceedings is a violation of due process requiring habeas relief. The Supreme Court stated:

> "It may be that the Due Process Clause of the Fourteenth Amendment requires the State, having once resorted to a grand jury procedure to furnish an unbiased grand jury. But we find that it is not necessary for us to determine this question; for even if due process would require a State to furnish an unbiased body once it resorted to a grand procedure-a question which we do not remotely intimate any view-we have concluded that Washington, so far as is shown by the record, did so in this case."

<u>Beck v. Washington</u>, 369 U.S. 541, 546 (1962)(petitioner challenged indictment by grand jury exposed to adverse case publicity).

Because the Supreme Court specifically decided not to address this issue, any decision by a lower court as to whether such bias was a violation of the Fourteenth Amendment cannot be

contrary to Supreme Court law, nor can such a decision be an unreasonable application of Supreme Court law.

Petitioner next argues that the state court applied the wrong standard of review.  The state court applied the standard governing technical grand jury violations, rather than the standard governing unconstitutional grand jury violations.  Regarding the former violation, habeas relief requires the error have a "substantial and injurious effect or influence the determining jury verdict."  Brecht v. Abrahamason, 507 U.S. 619, 638 (1993).  Regarding the latter violation, habeas relief requires the error be "harmless beyond a reasonable doubt."  Chapman v. California, 386 U.S. 18, 24 (1967).  A state court decision uses an unreasonable application of clearly established law if it correctly identifies the governing principle but unreasonably applies it to the facts of the prisoner's case.  Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  Further, a decision where the state court extends a legal principle from the Supreme Court to a new context where it should not apply or refuses to extend that principle to a new context involves an unreasonable application of clearly established law.  Williams, 529 U.S. at 407.

This court does not reach the question of which standard was appropriate for the state court to use.  Petitioner failed to provide this court with Supreme Court authority indicating that

assuming the facts at bar one standard over the other was
dictated by the Supreme Court.  Without Supreme Court authority
holding that conducting a grand jury proceeding at an arguably
non-neutral location is a technical or constitutional violation,
the state court's use of the technical standard cannot be clearly
contrary to Supreme Court law or an unreasonable application of
Supreme Court law.

     Since petitioner has failed to show the state court's
decision was "contrary to" or "an unreasonable application of"
Supreme Court law, he is not entitled to relief.

     Moreover, even if the error was a constitutional error,
habeas relief would not be granted.  The Supreme Court adopted
the general rule that a constitutional error does not
automatically require reversal of a conviction and further
recognized that most constitutional errors can be harmless.
Campbell v. Rice, 408 F.3d 1166, 1171 (9th Cir.)(citing Arizona
v. Fulminante, 499 U.S. 279, 306 (1991)), cert. denied, 546 U.S.
1036 (2005).  Automatic reversal due to a constitutional error is
only required if the error was a "structural defect" that
affected the entire framework of the trial process.  Id. (citing
Fulminante, 499 U.S. 279 at 301-10(internal citations omitted)).

     Petitioner argues that the "constitutional error" in his
case was a "structural defect."  Notably, the list of structural
defects recognized by the Supreme Court is "short and limited."

Id.

> "These errors include: 'total deprivation of the right to counsel at trial,' <u>see</u> <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963); 'a judge who was not impartial,' <u>see</u> <u>Tumey v. Ohio</u>, 273 U.S. 510 (1927); 'unlawful exclusion of members of the defendant's race from a grand jury,' <u>see</u> <u>Vasquez v. Hillery</u>, 474 U.S. 254 (1986); 'the right to self-representation at trial,' <u>see</u> <u>McKaskle v. Wiggins</u>, 465 U.S. 168 (1984); and 'the right to [a] public trial,' <u>see</u> <u>Waller v. Georgia</u>, 467 U.S. 39 (1984). <u>Fulminante</u>, 499 U.S. at 309-310. Since <u>Fulminante</u>, the Court also recognized that 'denial of the right to a jury verdict beyond a reasonable doubt,' is a structural error. <u>See</u> <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 281 (1993)."

<u>Id.</u> at 1172. As stated previously, this Court has found no Supreme Court law addressing potential bias of a grand jury proceeding caused by an allegedly non-neutral site. Accordingly, I find that these circumstances are subject to a harmless error analysis.

Therefore, the constitutional standard of "harmless beyond a reasonable doubt" is satisfied. The Supreme Court has stated that a "petit jury's verdict of guilt beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge defendants with the offenses for which they were convicted." <u>Mechanik</u>, 475 U.S. at 67 (emphasis in original). Here, a petit jury, in a neutral courtroom, using the standard of "guilty beyond a reasonable doubt," found the petitioner guilty of the crimes he was indicted for by the grand jury.

///

///

<u>CONCLUSION</u>

Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc. 1) is denied. This case is dismissed. IT IS SO ORDERED.

Dated this <u>25</u> day of October 2007.


<u>            /s/ Ann Aiken            </u>
                    Ann Aiken
        United States District Judge